Robert P. Spretnak, Esq.
Law Offices of Robert P. Spretnak
8275 S. Eastern Avenue, Suite 200
Las Vegas, Nevada 89123
Tel: (702) 454-4900
Fax: (702) 938-1055
bob@spretnak.com

Owen B. Dunn, Jr., Esq., OH bar (0074743), *pro hac vice pending*
The Ottawa Hills Shopping Center
4334 W. Central Ave., Suite 222
Toledo, OH 43615
(419) 241-9661 – Phone
(419) 241-9737 – Facsimile
dunnlawoffice@sbcglobal.net

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | | |
|---|---|---|
| Michele Joseph, Individually, | : | |
| | : | |
| Plaintiff, | : | Case No.: 2:22-cv-623 |
| v. | : | |
| | : | |
| MANASO INVESTMENTS, LLC, a Nevada limited liability company, | : | |
| | : | |
| Defendant. | | |
| _____/ | | |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND RELATED STATE LAW CLAIMS**

Plaintiff, Michele Joseph, Individually, (sometimes referred to as "Plaintiff"), hereby sues the Defendant, MANASO INVESTMENTS, LLC, a Nevada limited liability company for

1

injunctive relief, damages and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA") and the Nevada Revised Statutes 651.070 et seq. ("Nevada ADA" or "NADA").

## PARTIES

1. Plaintiff, Michele Joseph, is an individual residing in North Las Vegas, in the County of Clark.

2. Defendant, MANASO INVESTMENTS, LLC, owns a shopping center located at 3250 N Las Vegas Blvd., Las Vegas, NV 89115 in Clark County.

## JURISDICTION AND VENUE

3. Count I is brought pursuant to the laws of the United States, therefore the Court has jurisdiction pursuant to 28 U.S.C. §1331. Count II utilizes the same core of operative fact, and is therefore subject to supplemental jurisdiction pursuant to 28 U.S.C. §1367.

4. Venue is properly located in the District of Nevada, Southern Division because venue lies in the judicial district of the property situs. The Defendant's property and business is located in and do business within this judicial district.

5. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. See also 28 U.S.C. § 2201 and § 2202. Jurisdiction over the state law claims vests with this Court because pending and supplemental jurisdiction is proper pursuant to 28 U.S.C. §1367.

6. Plaintiff, Michele Joseph is a Nevada resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA. Plaintiff is a double amputee with a heart condition and uses a wheelchair for mobility. As such, she is substantially limited in

performing one or more major life activities, including but not limited to, standing and walking, as defined by the ADA and its regulations thereto.  Michele Joseph has visited and been a customer at the property which forms the basis of this lawsuit on November 2, 2021 as well as on previous occasions and plans to return to the property to avail herself of the goods and services offered to the public at the property.  As a resident of Nevada, Plaintiff frequently partakes in the shopping and entertainment offerings of Las Vegas.  The Plaintiff has encountered architectural barriers at the subject property.  The barriers to access at the property have endangered her safety.

7. Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104.  Defendant is responsible for complying with the obligations of the ADA.  The place of public accommodation that the Defendant owns, operates, leases or leases to is a shopping center located at 3250 N Las Vegas Blvd., Las Vegas, NV 89115, in Clark County.

8. Michele Joseph has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in paragraph 10 of this complaint.  Plaintiff has reasonable grounds to believe that she will continue to be subjected to discrimination in violation of the ADA by the Defendant.  Michele Joseph desires to visit the shopping center not only to avail herself of the goods and services available at the property but to assure herself that this property is in compliance with the ADA so that she and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

9. The Defendant has discriminated against the individual Plaintiff by denying her access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq.

10. The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).  A preliminary inspection of the shopping center has shown that violations exist.  These violations that Michele Joseph personally encountered at the shopping center include, but are not limited to:

**Parking and Accessible Routes**

    A. Some designated accessible parking spaces lack required access aisles, in violation of the ADA whose remedy is readily achievable.  Access aisles are necessary for wheelchair users like Michele Joseph to have enough room to unload mobility aids.

    B. Existing access aisles do not lead to an accessible route due to the presence of curbs and non-compliant curb ramps, in violation of the ADA whose remedy is readily achievable.  This requires wheelchair users like Michele Joseph to risk being hit by a vehicle by going behind parked vehicles and into the vehicular way to access the shopping center.

    C. Curb ramps to access the shopping center are non-compliant, in violation of the ADA whose remedy is readily achievable.  The existing ramps with excess slope, cross slope, extremely sloped side flares and changes in level present a risk of falling to wheelchair users like Michele Joseph.

    D. Some designated accessible parking spaces are not located on the shortest accessible route to the shopping center entrances they serve, or any accessible route at all, in violation of the ADA whose remedy is readily achievable.  This requires wheelchair users to cross the vehicular way from marked accessible parking spaces to the retail entrances, presenting a danger of being hit by a vehicle.

    E. Some designated accessible parking spaces lack required signage, in violation of the ADA whose remedy is readily achievable.  Visitors with a disability placard or plate and non-disabled drivers may not be able to identify the designated accessible spaces, causing misuse of the reserved spaces so that they might not be available to disabled visitors like

    Michele Joseph.

F. The designated accessible parking surfaces have not been maintained as evidenced by extremely faded paint and cracks and changes in level, in violation of the ADA whose remedy is readily achievable. Visitors with a disability placard or plate and non-disabled drivers may not be able to identify the designated accessible spaces, causing misuse of the reserved spaces so that they might not be available to disabled visitors like Michele Joseph.

G. There are cracks and changes in level along the accessible route from the designated accessible parking to the retail entrances, in violation of the ADA whose remedy is readily achievable. This presents a danger of falling to visitors who use mobility aids, like Michele Joseph.

H. There is not an accessible route of travel from shopping plaza to the public way (public streets, sidewalks and public transportation stops) making it difficult for the Plaintiff to traverse and other people who use wheelchairs for mobility to access the public transit they utilize, in violation of Section 206.2.1 in the 2010 ADA Standards, whose resolution is readily achievable.

**Policies and Procedures**

I. The Defendant lacks or has inadequate defined policies and procedures for the assistance of disabled patrons, including a failure to conduct a self-survey of its facilities and amenities that has resulted in discriminatory conduct towards Michele Joseph.

11. The discriminatory violations described in paragraph 10 are not an exclusive list of the Defendant's ADA violations. Plaintiff requires the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The Plaintiff, has been denied access to, and has been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above. The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff

requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

## COUNT I

## VIOLATION OF THE AMERICANS WITH DISABILITES ACT

12. Plaintiff restates the allegations of ¶¶1-11 as if fully rewritten here.

13. The shopping center owned by Defendant, and the businesses therein, are public accommodations and service establishments, and as such must be, but are not, in compliance with the Americans with Disabilities Act ("ADA") and Americans with Disabilities Act Accessibility Guidelines ("ADAAG").

14. Plaintiff was unlawfully denied full and equal enjoyment of the goods, services, facilities, privileges, and advantages of the property and the businesses therein on the basis of her disability, due to Defendant's property failing to be in compliance with Title III of the Americans with Disabilities Act and its accompanying regulations. as prohibited by 42 U.S.C. § 12182, *et seq.,* and will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant is compelled to remove all physical barriers that exist at the facility, including those specifically set forth herein, and make the facility accessible to and usable by persons with disabilities, including Plaintiff.

15. Plaintiff, and others similarly-situated, are without adequate remedy at law and are suffering irreparable harm, and reasonably anticipate that they will continue to suffer irreparable harm unless and until Defendant is required to remove the physical barriers, dangerous conditions and ADA violations that exist at the Facility, including those set forth herein.

16. Pursuant to 42 U.S.C. §12187, Plaintiff requests that the Court issue an injunction requiring Defendant to make such readily achievable alterations as are legally required to provide full and equal enjoyment of the goods, services, facilities, privileges, and advantages on its property to disabled persons. In connection with that relief, Plaintiff requests reasonable attorneys' fees and costs of maintaining this action.

## COUNT II
## VIOLATION OF THE NEVADA LAW AGAINST DISCRIMINATION – Nevada ADA
## Nevada Revised Statute 651.070 et seq.

17. Plaintiff restates the allegations of ¶¶1-16 as if fully rewritten here.

18. The shopping plaza owned by Defendant, and the businesses therein, are "place[s] of public accommodation" pursuant to M.C.L §37.1301(a).

19. Defendant committed an unlawful act pursuant to NRS 651.07, et seq. by denying Plaintiff full enjoyment of its goods, services, accommodations, advantages, facilities, or privileges.

20. Pursuant to NRS 651.070, Plaintiff is entitled to full and equal enjoyment of the facilities and accommodations of any place of public accommodation including the premises, goods and services of the Defendant, without discrimination or segregation based on her disability.

21. Defendant's actions were in violation of a legal duty owed to Plaintiff.

22. Defendant is and was required to comply with the dictates of the federal and state laws which forbid discriminatory policies, practices, and facilities, including but not limited to architectural barriers.

23. The individual Plaintiff suffered monetary damages and injury to her dignity, mental anguish and humiliation, and other injuries which were proximately caused by Defendant's acts and failures to act.

**WHEREFORE**, Plaintiff demands,

For **COUNT I**, an injunction requiring Defendant to make all readily achievable alterations and institute policies and procedures to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons, and the reasonable attorneys' fees and costs of maintaining this action; and,

For **COUNT II**, compensatory and punitive damages, attorneys' fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons.

Respectfully Submitted,

*Counsel for Plaintiff:*

/s/ Robert P Spretnak
Robert P. Spretnak, Esq.
Law Offices of Robert P. Spretnak
8275 S. Eastern Avenue, Suite 200
Las Vegas, Nevada 89123
Tel: (702) 454-4900
Fax: (702) 938-1055
bob@spretnak.com

And

Owen B. Dunn, Jr., Esq., OH bar (0074743)
The Ottawa Hills Shopping Center
4334 W. Central Ave., Suite 222
Toledo, OH 43615
(419) 241-9661 – Phone
(419) 241-9737 – Facsimile
dunnlawoffice@sbcglobal.net